IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:06cr283-CSC |
| | ) | (WO) |
| DERRICK T. BROWN | ) | |

**ORDER**

On March 5, 2007, the defendant filed an unopposed motion to continue trial (doc. # 10). Upon consideration of the motion, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time

necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant is on active duty stationed at Fort Jackson, South Carolina. The defendant seeks to change his plea and to have this case transferred to the United States District Court of South Carolina. The parties need additional time to facilitate the transfer of this case pursuant to FED. R. CRIM. P. 20. The United States does not oppose the motion to continue. Requiring a trial under these circumstances is not beneficial to the parties or the public. For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

ORDERED as follows:

1. That the motion to continue trial (doc. # 10) be and is hereby GRANTED.

2. That this case be and is hereby continued for jury selection on and trial during the term beginning on **May 7, 2007, at 10:00 a.m.**

3. That this case be and is hereby set for a pretrial conference on **April 2, 2007,** at **1:00 p.m.** in Courtroom 4B, United States Courthouse Complex, One Church Street, Montgomery, Alabama.

Done this 5th day of March, 2007.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE